# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BALSAMO REAL ESTATE, LLC
a Delaware limited liability
company,

    Plaintiff,

    v.

THE TOWN OF FENWICK
ISLAND, a Delaware municipal
corporation,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. S22M-09-001 MHC

## ORDER

Submitted: February 27, 2023
Decided: March 7, 2023

*Upon Plaintiff's Petition for Writ of Mandamus,* **DENIED.**
*Upon Plaintiff's Motion for Summary Judgment,* **DENIED.**
*Upon Defendant's Motion to Dismiss,* **GRANTED.**

Richard L. Abbott, Esquire, Abbott Law Firm, Hockessin, Delaware. *Attorney for Plaintiff.*

Luke W. Mette, Esquire, Armstrong & Teasdale, LLP, Wilmington, Delaware. *Attorney for Defendant.*

**CONNER, J.**

Upon consideration of the Petition for a Writ of Mandamus and related pleadings, the Court finds as follows:

## FACTUAL AND PROCEDURAL HISTORY[1]

Balsamo Real Estate, LLC ("Plaintiff") owns property located in the Town of Fenwick Island. Plaintiff wishes to construct a 1,500 square foot second story restaurant addition to a pre-existing building. Plaintiff submitted a proposed building renovation plan for review and approval by the Town of Fenwick Island ("Defendant") on August 9, 2022, pursuant to Chapter 142 of the Town of Fenwick Island's Code. Plaintiff claims it was told by the Town Manager that the plan could not be reviewed until a pending parking ordinance was decided. Subsequently, Plaintiff threatened legal action if Defendant did not review the plan by August 30, 2022. Defendant responded that it would not review the current plan because the appropriate permit application was not filed. Once the proper application was filed, Defendant stated it would then review the plan.

Plaintiff filed a petition seeking a writ of mandamus on September 1, 2022. Plaintiff then filed a Motion for Summary Judgment on September 16, 2022, five days before it was appropriate to do so.[2] Defendant filed a Motion to Dismiss on

---

[1] The parties disagree about some of the facts contained in the complaint. This recitation of facts comes from a summary of Plaintiff's Complaint and accompanied briefings.

[2] Pursuant to Delaware Superior Court Civil Rule 56(a), Plaintiff needed to wait twenty days after filing the Writ of Mandamus before filing the Motion for Summary Judgment.

September 27, 2022, with an opening brief in support of that motion filed on October 12, 2022. Plaintiff filed an opening brief in support of its' Motion for Summary Judgment on October 12, 2022. Defendant filed an answering brief in opposition of Plaintiff's Motion for Summary Judgment on December 6, 2022. Plaintiff also filed an answering brief in opposition to Defendant's Motion to Dismiss on December 6, 2022. Plaintiff filed a reply brief in support of its' Motion for Summary Judgment on December 20, 2022. Next, Plaintiff renewed its' Motion for Summary Judgment on December 20, 2022. Defendant filed a reply brief in further support of its' Motion to Dismiss on December 20, 2022. Oral argument was held on February 27, 2023. With extensive briefing on the matter, the Court is prepared to issue its' decision.

## STANDARD OF REVIEW

When considering a motion to dismiss a writ of mandamus petition, Delaware Courts apply Superior Court Civil Rule 12(b)(6).[3] A writ of mandamus is an extraordinary remedy issued by this Court that compels lower courts, agencies, or public officials to perform nondiscretionary or ministerial duties.[4] A nondiscretionary or ministerial duty must be "prescribed with such precision and

---

[3] *Long v. Jennings*, 2021 WL 2134854, at *1 (Del. Super. May 25, 2021).
[4] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015).

certainty that nothing is left to discretion or judgment."[5] It is in the Court's discretion to issue a writ, it is not a matter of right.[6]

"In deciding a motion to dismiss with respect to a petition for a writ of mandamus, this Court must consider the standards a party must meet in obtaining a writ."[7] The party seeking the issuance of a writ of mandamus must prove that they have a clear legal right to the performance of the duty, no other adequate remedy is available, and the lower court, agency, or official has arbitrarily failed or refused to perform that duty.[8] "The petitioner is not entitled to a writ of mandamus if the duty is discretionary, the right is doubtful, the power to perform the duty is inadequate or wanting, or if any other adequate remedy exists."[9]

## PARTIES CONTENTIONS

Plaintiff filed this petition seeking a writ of mandamus to compel Defendant to review Plaintiff's building renovation plan at the next Town Council meeting.[10] Plaintiff argues that pursuant to Fenwick Island Town Code Chapter 142, it is entitled to a determination regarding its' plan, whether that be approval or

---

[5] *Id.*
[6] *Id.*
[7] *Long*, 2021 WL 2134854 at *2 (quoting *Caldwell v. Justice of the Peace Court No. 13*, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015)).
[8] *Id.*
[9] *Id.*
[10] Pl. Compl. ¶ 32.

disapproval, within a reasonable time.[11] Plaintiff further argues Defendant has held up voting on the plan without a valid basis and beyond a reasonable amount of time.[12]

Defendant contends a writ of mandamus is not appropriate for multiple reasons. First, Plaintiff does not have a right to compel the Town to review the building renovation plan under Chapter 142 of the Code.[13] Defendant argues that Chapter 61, not Chapter 142, is the appropriate Chapter of the Code in which to review the type of building modification Plaintiff seeks.[14] Further, a writ of mandamus is not appropriate because Plaintiff is seeking to compel a discretionary, non-ministerial act and there is an adequate alternative remedy available.[15]

Both Plaintiff and Defendant argue additional points regarding the requirements for issuance of a writ of mandamus.[16] However, the additional arguments do not warrant discussion. Simply, the requirements for issuing a writ of mandamus have not been met, meaning dismissal of the petition is appropriate. Since Plaintiff is unable to establish the necessary requirements for issuance of a writ of mandamus, the Court does not need to discuss any additional arguments made by the parties.

---

[11] Town of Fenwick Island Code § 142-2(E). *Id.* ¶ 29.
[12] Pl. Compl. ¶ 30.
[13] Def. Opening Br. in Supp. of Mot. to Dismiss at 7.
[14] *Id.*
[15] *Id.* at 13-19.
[16] These arguments include procedural defects, ripeness issues, and the parking ordinance.

## DISCUSSION

Before the Court can decide to issue a writ of mandamus, three requirements must be met. The first requirement is Plaintiff showing it has a clear legal right to performance of the duty.[17] Here, Plaintiff must prove it has a clear legal right to a review of the building renovation plan pursuant to Chapter 142.

It is blatantly clear that Plaintiff does not possess a legal right to a review of its' building renovation plan pursuant to Chapter 142 of the Town of Fenwick Island Code. As stated in an affidavit by Patricia Schuchman, the Town Manager, the construction work Plaintiff seeks to complete is not covered by Chapter 142.[18] Therefore, the plan did not need to be submitted for approval by the Town Council pursuant to Chapter 142.[19] Instead, the plan should be reviewed under Chapter 61, which Defendant will do, if Plaintiff submits the proper building permit application required by Chapter 61.[20]

Plaintiff fails to provide any compelling reason why Chapter 142 of the Code, entitled "Subdivision of Land", is applicable to a proposed second story addition on an existing building. Common sense dictates, as well as ordinance

---

[17] *Brittingham*, 113 A.3d at 524.
[18] Patricia Schuchman is authorized to interpret the Town Code and Ordinances and determine that Chapter 61 is the applicable portion because Town Resolution # 19-2007 bestows such power to her. Def. Answering Br. in Opp'n to Pl. Mot. for Summ. J. Ex 1.
[19] *Id.*
[20] *Id.*

interpretation, that Chapter 61 of the Code, entitled "Building and Utility Construction", is the appropriate section to govern this type of renovation. Chapter 142 clearly pertains to subdividing real estate. Plaintiff fails to establish the first requirement for issuance of a writ of mandamus.

The second requirement that must be met before a writ of mandamus can be issued is that no other adequate remedy is available. Plaintiff cannot prove an alternative remedy is unavailable. Plaintiff was informed via a letter from the Town's Solicitor dated August 30, 2022, that Plaintiff needed to submit a building renovation application pursuant to Chapter 61.[21] Plaintiff was further informed that Chapter 142 was not applicable and until a Chapter 61 building renovation application was submitted, Defendant could not consider the proposed modification.[22] Despite Plaintiff's insistence it is entitled to review under Chapter 142, other adequate remedies do exist for reaching the same goal. It is simple, if Plaintiff fills out the building renovation application pursuant to Chapter 61, Defendant will review the plan, and if appropriate, issue the desired permit. Further, Plaintiff could appeal the denial of a permit to the Town's Board of

---

[21] Pl. Compl. Ex. D.
[22] *Id.*

Adjustment.[23] Adequate alternative remedies clearly exist, meaning Plaintiff cannot establish the second requirement.

The last requirement that must be met before a writ of mandamus can be issued is that the lower court, agency, or public official arbitrarily fails or refuses to perform the duty. Here, Defendant is refusing to render a decision regarding the building renovation plan as currently submitted under Chapter 142. But, in Patricia Schuchman's sworn affidavit she stated that Defendant would review the plan once it was submitted properly via a Chapter 61 building renovation permit.[24] Defendant is not arbitrarily failing or refusing to perform the duty of reviewing plans. Instead, Defendant is refusing to perform the duty in the manner Plaintiff wishes. Plaintiff's refusal to submit its' building renovation plan under the proper Chapter does not entitle Plaintiff to this extraordinary relief. Again, Plaintiff has failed to meet any requirement for issuance of a writ of mandamus.

---

[23] *See* Town of Fenwick Island Code §§ 61-3(D), 160-13. *See also* 22 *Del. C.* §§ 324, 327.
[24] *Id.*

## CONCLUSION

Based upon careful review of all submissions by the parties, Plaintiff's Petition for Writ of Mandamus and Motion for Summary Judgment are **DENIED** and Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Mark H. Conner

Mark H. Conner, Judge

cc: Prothonotary